IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS D. SAILORS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:18CV189 |
| | ) | |
| v. | ) | |
| | ) | |
| US MARSHALS SERVICE DEPT., | ) | **MEMORANDUM** |
| LANCASTER COUNTY POLICE | ) | **AND ORDER** |
| DEPT., PAUL KEYES, US Marshal | ) | |
| #3483, MAXWELL HUBKA, City of | ) | |
| Lincoln Police Ofc. #1655, and COLE | ) | |
| JENNINGS, City of Lincoln Police Ofc. | ) | |
| #1650, in their official and individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, an inmate[1] at the Lancaster County Jail, brings this action requesting $100 million for injuries he allegedly suffered while the U.S. Marshal and city police officers were pursuing him on a drug charge. The court has granted Plaintiff permission to proceed in forma pauperis (Filing No. 7), and the court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I. SUMMARY OF COMPLAINT**

Plaintiff alleges that around 8:00 p.m. on January 5, 2018, Lincoln Police Department

---

[1] Plaintiff appears to be a pretrial detainee. According to the JUSTICE case-search system, Plaintiff is a criminal defendant in District Court of Lancaster County Case Number CR 18 189, in which he has been charged with three felonies for offenses occurring on January 5, 2018—the same date on which the events at issue in the case before this court occurred.

("LPD") officers[2] and a U.S. Marshal were "looking for [him] on a drug charge." (Filing No. 1 at CM/ECF p. 13 (capitalization corrected).) Plaintiff claims he was sleeping in the driver's seat of a GMC Yukon in an apartment complex parking lot when U.S. Marshal Paul Keyes ran his vehicle into the front end of Plaintiff's Yukon, forcing Plaintiff's face into the steering wheel from the impact. Keyes then allegedly began "running at [Plaintiff] shooting." (*Id.*) Plaintiff claims he then reversed his Yukon and ran into an unlit police car and a brick wall.

Plaintiff alleges that when he was "sitting in the wall not doing nothing," he was "shot at 19 times and was hit with some of these bullets" on his hand, forehead, eye, and legs. (*Id.*). Plaintiff then drove himself to the hospital. Plaintiff believes LPD Officers Hubka and Jennings also fired at him because there were two different types of bullet casings found at the scene. Plaintiff accuses Hubka and Jennings of "trying to make it look like it was just the U.S. Marshal that fired '19' rounds at [Plaintiff]." As a result of these events, Plaintiff claims he underwent surgery on his hand, legs, eye, and forehead, and he now suffers from post-traumatic stress disorder. (Filing No. 1 at CM/ECF pp. 5, 14 (capitalization and spelling corrected).)

Plaintiff purports to bring this action against the Lancaster County and City of Lincoln Defendants[3] under 42 U.S.C. § 1983 and against the U.S. Marshal Defendants[4] under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), claiming that the Defendants' "policy and practice and excessive force" and "not having body cams on"

---

[2]In one portion of Plaintiff's Complaint, he alleges that Defendants Maxwell Hubka and Cole Jennings are both Lancaster County Police Officers; in another part of the Complaint, Plaintiff alleges that Hubka and Jennings are City of Lincoln Police Officers. Because Hubka and Jennings are both listed as active officers on the City of Lincoln Police Department website, the Clerk of Court will be directed to change the case caption accordingly.

[3]These Defendants are the Lancaster County Police Department and LPD Officers Maxwell Hubka and Cole Jennings.

[4]These Defendants are the U.S. Marshals Service Department and U.S. Marshal Paul Keyes.

violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. For relief, Plaintiff requests $100 million in medical costs and punitive damages. (Filing No. 1 at CM/ECF pp. 4-5 (capitalization and spelling corrected).)

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Section 1983 Claims

#### 1.  Lancaster County Police Department

Because a county police department is not a suable entity, Plaintiff's claims against the Lancaster County Police Department must be dismissed without prejudice. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (in pro se § 1983 action, "The West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such. They are simply departments or subdivisions of the City government."); *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (§ 1983 action against county jail and county sheriff's department must be dismissed without prejudice because they are not legal entities subject to suit) (citing cases) (unpublished).

#### 2.  City of Lincoln Police Officers in Official Capacities

Plaintiff sues City of Lincoln Police Officers Hubka and Jennings in their official capacities. "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"—here, the City of Lincoln. *Marsh v. Phelps Cty.*, No. 17-1260, 2018 WL 3863923, at *4 (8th Cir. Aug. 15, 2018) (internal quotation and citation omitted).

A city or county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646. *See also Brewington v. Keener*, No. 17-1382 & 17-1433, ___ F.3d ___, 2018 WL 4117728, at *2-3 (8th Cir. Aug. 30, 2018) ("when a plaintiff alleges an unwritten or unofficial policy, there must be evidence of . . . a practice, so permanent and well-settled so as to constitute a custom"; "The pattern of unconstitutional conduct must be so pervasive and widespread so as to have the effect and force of law.") (internal quotations and citations omitted).

Here, Plaintiff's Complaint includes the undefined phrase "policy and practice," but does not allege facts even hinting at a City of Lincoln official's deliberate choice to follow a course of action made from among various alternatives (a "policy") or a continuing, widespread, persistent pattern of unconstitutional misconduct (a "custom"). Plaintiff further fails to allege facts suggesting that City of Lincoln policymaking officials were deliberately indifferent to, or tacitly authorized, any unconstitutional conduct or that an unconstitutional custom was the moving force behind the alleged constitutional violations.

Therefore, as currently drafted, Plaintiff's Complaint fails to state a cognizable claim against the City of Lincoln and LPD Officers Hubka and Jennings in their official capacities. However, I shall grant Plaintiff leave to file an Amended Complaint to allege such a claim *if factually supported*.

### 3. City of Lincoln Police Officers in Individual Capacities

Plaintiff alleges that LPD Officers Hubka and Jennings used excessive force in pursuing him because Plaintiff was "shot at 19 times and was hit with some of these bullets."

5

(Filing No. 1 at CM/ECF p. 13.)

> The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers. An officer's use of excessive force violates the Fourth Amendment if objectively unreasonable. Objective unreasonableness is judged from the perspective of a reasonable officer on the scene, in light of the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Force may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat.

*Wilson v. Lamp*, No. 16-4275, ___ F.3d ___, 2018 WL 4083085, at *4 (8th Cir. Aug. 28, 2018) (internal quotations and citations omitted). *See also Aipperspach v. McInerney*, 766 F.3d 803, 806 (8th Cir. 2014) (§ 1983 claims of excessive force governed by Fourth Amendment prohibition against unreasonable seizures; whether use of force was reasonable is objective inquiry without regard to officers' subjective intent or motivation; use of deadly force reasonable when officer has probable cause to believe suspect poses threat of serious physical harm to officers or others); *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach").

For purposes of initial review only, Plaintiff has stated a viable Fourth Amendment excessive-force claim against Defendants Hubka and Jennings in their individual capacities.

**B. *Bivens* Claims**

Plaintiff alleges that the U.S. Marshal's Service and Marshal Paul Keyes violated his Fourth Amendment right to be free from the use of excessive force. In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), the United States Supreme Court recognized an implied cause of action for damages against federal officers alleged to have

violated the petitioner's Fourth Amendment rights.[5]

### 1.  U.S. Marshal's Services Department

"The Supreme Court has made clear that an implied damages remedy may be asserted only against a federal official individually, and not against an agency." 14 Charles A. Wright, *et al.*, [Federal Practice and Procedure § 3655 (4th ed. Westlaw 2018)](); *see* [F.D.I.C. v. Meyer, 510 U.S. 471, 473 (1994)]() (no *Bivens* action allowed against agencies of the federal government). Therefore, the U.S. Marshal's Services Department must be dismissed from this action.

### 2.  U.S. Marshal Paul Keyes

For the reasons discussed above with regard to LPD Officers Hubka and Jennings, Plaintiff has adequately alleged (for initial-review purposes) that U.S. Marshal Paul Keyes violated his Fourth Amendment right to be free from the use of excessive force. However, Plaintiff's Complaint also alleges that Defendant U.S. Marshal Paul Keyes is now deceased. This raises two issues.

First, according to the [JUSTICE case-search system](), Paul Keyes's probate proceedings in the County Court of Lancaster County (Case No. PR 18 450) are still open, and his brother has been appointed as the Personal Representative of Keyes's estate. It is possible, but not certain, that Plaintiff can assert claims against Keyes's estate. *See* [Neb. Rev. Stat. § 30-2404]() (Westlaw 2018) ("No proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a

---

[5]The Court subsequently found the *Bivens* remedy available for violations of an individual's rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment, [Carlson v. Green, 446 U.S. 14, 17-19 (1980)](), and the Fifth Amendment Due Process Clause, [Davis v. Passman, 442 U.S. 228, 230 (1979)](). *See* [Hui v. Castaneda, 559 U.S. 799, 803 n.2 (2010)](). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." [Ziglar v. Abbasi, 137 S. Ct. 1843, 1855 (2017)](). Expanding the *Bivens* remedy beyond these contexts is now recognized as a "'disfavored' judicial activity." [Ziglar, 137 S. Ct. at 1857]() (quoting [*Iqbal*, 556 U.S. at 675]()).

personal representative. After the appointment and until distribution, all proceedings and actions to enforce a claim against the estate are governed by the procedure prescribed by this article."); *Babbitt v. Hronik*, 2001, 623 N.W.2d 700 (Neb. 2001) (Nebraska Probate Code provides procedure for bringing claim against decedent's estate; motorist's claim against estate of second motorist who died of injuries unrelated to automobile accident could not have been commenced before the county court reappointed deceased motorist's personal representative; citing Neb. Rev. Stat. § 30-2404).

Second, if Plaintiff *can* bring a claim against Defendant Keyes's estate, he will need to properly move for the substitution of a party under Fed. R. Civ. P. 25 should this case proceed further after the court's review of Plaintiff's amended complaint. *See Winston v. Kelly*, No. 5:10CV00180, 2013 WL 593558, at *4 (E.D. Ark. Feb. 15, 2013) (inmate's claims against deceased defendant dismissed for failure to comply with Fed. R. Civ. P. 25(a), which requires that "following a party's death, a motion to substitute the proper party must be made within 90 days of service of the statement noting the death"); *Brenden v. Walter*, No. CIV. 07-4007, 2008 WL 410113, at *6 (D.S.D. Feb. 12, 2008) (pro se inmate suing under § 1983 must comply with Fed. R. Civ. P. 25 to properly substitute party to replace deceased defendant, including filing motion to substitute within 90 days after death is suggested upon the record, in the absence of which the action would be dismissed as to the deceased party).

### C. Other Unspecified Claims

In his Complaint, Plaintiff makes the conclusory allegation that Defendants have violated "numbers 4, 5, 8, 14 Amendments." (Filing No. 1 at CM/ECF p. 3.) Other than his Fourth Amendment excessive-force claim discussed above, the nature of Plaintiff's alleged claims under the "5, 8, 14 Amendments" is unclear and without factual support. *See Iqbal*, 556 U.S. at 678 (explaining that "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable § 1983 claim for relief). Therefore, Plaintiff will be given leave to clarify the nature of his other constitutional claims and to support each of those claims with truthful factual allegations.

Accordingly,

8

IT IS ORDERED:

1. The Clerk of Court shall make the following changes to the case caption:

    a. Defendant "Maxwell Hubka, Lancaster Police Ofc. #1655" shall be changed to "Maxwell Hubka, City of Lincoln Police Ofc. #1655";

    b. Defendant "Cole Jennings, Lancaster Police Ofc. #1650" shall be changed to "Cole Jennings, City of Lincoln Police Ofc. #1650"; and

    c. The caption shall reflect that Defendants Keyes, Hubka, and Jennings are sued in their individual and official capacities.

2. The following Defendants and claims shall be dismissed or proceed further as specified below:

    a. Defendant Lancaster County Police Department is dismissed from this case without prejudice because it is a non-suable entity;

    b. Plaintiff is granted leave to file an amended complaint to state a cognizable claim against the City of Lincoln and LPD Officers Hubka and Jennings in their official capacities *if factually supported*;

    c. For purposes of initial review only, Plaintiff has stated a viable Fourth Amendment excessive-force claim against Defendants Hubka and Jennings in their individual capacities;

    d. Defendant U.S. Marshal's Services Department is dismissed from this action without prejudice because *Bivens* actions are not allowed against agencies of the federal government;

    e. Pursuant to the procedure outlined below, counsel shall be appointed to assist Plaintiff in pursuing his claim that Defendant U.S. Marshal

> Paul Keyes, now deceased, violated Plaintiff's Fourth Amendment right to be free from the use of excessive force;
>
> f. Plaintiff is given leave to file an amended complaint containing a clear explanation of the nature of his claims that Defendants violated "numbers 4, 5, 8, 14 Amendments," supported by specific and truthful factual allegations.

3. By October 12, 2018, and pursuant to the directions appearing in paragraph (2) immediately above, Plaintiff shall file an amended complaint. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4. With thanks for accepting the appointment, Mr. Vince Powers and the law firm of Powers Law are hereby appointed to represent Plaintiff Thomas D. Sailors in this matter.[6]

5. Mr. Powers and/or any other counsel from the law firm of Powers Law are directed to promptly enter their appearance as counsel in this case.

6. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the law firm of Powers Law.

7. A second and last installment of $1,000 shall become due and payable to the law firm of Powers Law upon the entry of judgment or other closing documents in the case.

8. Counsel may incur reasonable expenses when representing Plaintiff in accordance with Parts III(A), VI(C), and VI(E) of the Amended Plan for the Administration

---

[6] I have been authorized by the Chief Judge to appoint counsel pursuant to the Amended Plan for the Administration of the Federal Practice Fund and the Federal Practice Committee.

of the Federal Practice Fund and the Federal Practice Committee.[7] *See also* NEGenR 1.7(g) and NECivR 54.3-54.4.

9. Should Plaintiff succeed and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

10. At the direction of the court, this case will remain on the pro se docket for purposes of initial review of Plaintiff's amended complaint. Following such review, the court will issue an order that this case be removed from the pro se docket and reassigned to another judge according to the normal operating procedures of the court in such cases.

11. Counsel for Plaintiff is initially appointed (1) to assist Plaintiff with the party-substitution issue regarding Defendant Paul Keyes, now deceased, and (2) to prepare and file an amended complaint consistent with this Memorandum and Order. Should this case eventually proceed to trial, counsel is obligated to continue to represent Plaintiff. The appointment will not extend to any appeal after trial.

12. The Clerk of Court is directed to set a pro se case management deadline using the following text—October 12, 2018: amended complaint due.

DATED this 10th day of September, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[7]http://www.ned.uscourts.gov/internetDocs/pom/crtplans/fedpract.pdf.